UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

              Plaintiff,

   v.

TYE BRAXTON STIGER,

              Defendant.

_____/

No. 1:22-cr-144

Hon. PAUL L. MALONEY
U.S. District Judge

PLEA AGREEMENT

This constitutes the plea agreement between Tye Braxton Stiger and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.    <u>Plea to Information</u>. Defendant gives up the right to Indictment by a grand jury and agrees to plead guilty to the Superseding Felony Information, charging him with two counts of Sexual Exploitation and Attempted Sexual Exploitation of a Child, in violation of Title 18, United States Code, Sections 2251(a) and (e).

2.    <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 18, United States Code, Sections 2251(a) and (e), the following must be true:

     a. Defendant used a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and
     b. The depiction was produced using materials that had been shipped or transported in interstate and foreign commerce; or the depiction was actually transported in interstate commerce.

Or, to be guilty of an attempted sexual exploitation of a child, it must be true that he (1) intended to commit that offense and (2) did some overt act that was a substantial step towards committing the crime.

Defendant is pleading guilty because Defendant is guilty of the charges described above.

3.     Defendant Understands the Penalty.  The statutory minimum and maximum sentence that the Court can impose for each violation of Title 18, United States Code, Sections 2251(a) and (e), is the following:

Imprisonment:                  No less than 15 years and up to 30 years
Supervised release:            No less than 5 years and up to life
Special assessment:            $100
Additional special assessments: $5,000 and up to $50,000

Defendant understands that the combined maximum sentence for convictions on Counts 1 and 2 is a maximum of 60 years with a mandatory minimum sentence of 15 years.

4.     Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation.

a.     Defendant agrees to pay the $100 special assessment on the day of sentencing.

b.     Defendant understands that he will be required to pay full restitution as required by law.  Pursuant to 18 U.S.C. § 3663(a)(3) and the terms of this plea agreement, Defendant agrees that the restitution order is not restricted to the losses suffered by the victims of the charges in the Superseding Felony Information to which Defendant is pleading guilty, and

that he will be responsible for restitution for all victims of his sexual exploitation of minors, including the victims from Counts 1 and 2 in the Indictment. The parties currently are unaware of a request for restitution but recognize and agree that the amount of restitution will be determined by the Court at the time of sentencing. Defendant agrees to pay as much restitution as he is financially able to pay before or at the time of sentencing.

   c. Within fourteen days of the execution of this plea agreement, Defendant agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information. Defendant authorizes the U.S. Attorney's Office to inspect and copy all financial documents and financial information held by the U.S. Probation Office, and acknowledges that the U.S. Attorney's Office may share any information collected pursuant to this agreement with the U.S. Probation Office or the Court. Defendant acknowledges any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately. Defendant acknowledges that any payment plan set by the Court for payment of restitution or other criminal monetary penalties represents a minimum payment obligation and it does not preclude the United States from pursuing any other means under applicable federal or state law by which to satisfy Defendant's full and immediately enforceable financial obligation until the amounts are collected in full.

d.      Defendant agrees to cooperate fully in the investigation of the amount of restitution or other criminal monetary penalties; the identification of funds and assets in which Defendant has any legal or equitable interest to be applied toward restitution or other criminal monetary penalties; and the prompt payment of the restitution or other criminal monetary penalties. Defendant's cooperation obligations are ongoing until Defendant has satisfied the monetary penalties, including restitution, in full. Defendant shall not provide false or incomplete information about his financial assets; or otherwise hide, sell, transfer or devalue assets with the purpose of avoiding payment of restitution or other criminal monetary penalties.

5.      Supervised Release Defined.  Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements.  Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6.      Asset Forfeiture and Financial Accountability. Defendant agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 18, United States Code, Section 2253, which includes, among other things, all visual depictions of child pornography as defined under this section and chapter, any property, real or personal, constituting or traceable to gross profits or other proceeds

4

obtained from such offenses, and any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.  Specifically, Defendant agrees to forfeit to the United States the following, which constitutes property containing child pornography and used to commit and promote the offenses charged in the Superseding Felony Information:

  a. Samsung SM-A426U cell phone (IMEI: 352774395876588)
  b. Motorola Moto G cell phone (IMEI: 353956920605280)
  c. black ASUS model X55L laptop
  d. Hewlett-Packard laptop (service tag: H7R4WD1)
  e. Fujifilm secure digital ("SD") card
  f. Sandisk SD card
  g. Kyocera C5170 cell phone (with SD card)
  h. two PNY USB drives

Defendant admits that the property is subject to forfeiture pursuant to Title 18, United States Code, Section 2253. Defendant consents to the entry of a preliminary order of forfeiture concerning the property at or before the time of sentencing.

  7. <u>Factual Basis of Guilt</u>.  Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

*Superseding Felony Information*

  Between in or about 2007 and 2009, in Hillsdale County, Defendant set up and concealed a video camera in a bathroom.  Defendant knew that minor girls would be changing their clothes in that bathroom and he intended to record the lascivious exhibition of their genitals.  Two girls, each approximately 10 years old, did subsequently change their clothes in that bathroom, exposing their genitals, which was captured on Defendant's camera.  The camera and the Fujifilm SD card on which the videos were saved were manufactured outside the State of Michigan.

*Indictment*

In or about 2022, in Hillsdale County, Defendant took pictures of two girls, approximately 6 and 8 years old. The girls were unclothed and their genitals were exposed. The cell phone upon which Defendant saved these pictures was manufactured outside the State of Michigan.

8.     <u>Dismissal of Other Counts/Charges</u>. The U.S. Attorney's Office agrees to move to dismiss the Indictment. Defendant agrees, however, that in determining the sentence the Court may consider the charges in the dismissed Indictment in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted. Further, the parties stipulate and agree that because the Court can consider the dismissed counts, the victims of the charges in the Indictment will be allowed to give written and/or oral victim impact statements at or before sentencing if they so desire.

9.     <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

10.     The Sentencing Guidelines.  Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.  Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory Choose an item. penalties described elsewhere in this Agreement.  Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

11.     There is No Agreement About the Final Sentencing Guidelines Range. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range.  Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

12.     Stipulations Regarding Guidelines Application.  With respect to the application of the Sentencing Guidelines to Defendant's conduct, the parties

stipulate, pursuant to U.S.S.G. § 1B1.2(c), that in addition to the offenses charged in the Superseding Felony Information, Defendant also committed Sexual Exploitation of a Minor and Attempted Sexual Exploitation of a Minor in violation of Title 18, United States Code, Section 2251(a), as alleged in the Indictment.   Defendant understands and agrees that pursuant to this stipulation, the application of U.S.S.G. § 1B1.2(c), the relevant guideline provisions for each charged offense, and the rules governing multiple counts set forth in U.S.S.G. Chapter 3, Part D, will cause Defendant's sentencing guidelines to be calculated as if he had pleaded guilty to Counts 1 and 2 of the Indictment.

13.   <u>Waiver of Constitutional Rights</u>.  By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court.  As a result of Defendant's guilty pleas, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

a.   The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

b.   The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

c.   The right to confront and cross-examine witnesses against Defendant.

d.     The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e.     The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f.     By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

14.    <u>FOIA Requests.</u>  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15.    <u>The Court is not a Party to this Agreement</u>.  Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea[s], and he will remain bound to fulfill all of his obligations under this agreement.

Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

16.     This Agreement is Limited to the Parties.  This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.  This agreement applies only to crimes committed by Defendant.  This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

17.     Consequences of Breach.  If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement.  In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.  In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

18.     This is the Complete Agreement.  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete

understanding between the parties.  No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

19.   <u>Sex Offender Registration and Medical Testing</u>.

a.   <u>Registration</u>.  Defendant acknowledges and agrees that Defendant must register as a sex offender in all applicable jurisdictions, including, but not limited to the jurisdictions where Defendant was convicted, resides, works, and attends school.  Defendant understands that failure to register may subject him to prosecution.

b.   <u>Medical Tests</u>.  Defendant agrees to be tested for sexually transmittable diseases and the etiologic agent for acquired immune deficiency syndrome.  Defendant further agrees that if the initial test for the etiologic agent for immune deficiency syndrome is negative, Defendant will be re-tested six (6) months and again twelve (12) months following the initial test.  42 U.S.C. § 14011.

MARK A. TOTTEN
United States Attorney

4-21-23
_____
Date

_____
JONATHAN ROTH
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement.  No promises or inducements have been made to me other than those contained in this

agreement.  No one has threatened or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

4 · 21 · 2023
_____
Date

_____
TYE BRAXTON STIGER
Defendant

      I am Tye Braxton Stiger's attorney.  I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

4 · 21 · 2023
_____
Date

_____ for
PARKER DOUGLAS
Attorney for Defendant

12