UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                  No. 1:22-cr-144

TYE BRAXTON STIGER,                          Hon. PAUL L. MALONEY
                                                        United States District Judge

    Defendant.
_____/

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant has pled guilty to sexually exploiting two children and acknowledged, under oath, doing the same to two more. When caught, he fled the country and was found working with children in the Philippines. He poses an immeasurable risk to child everywhere.

**Factual Summary**

In February 2022, a woman contacted police and reported that years earlier, when she was between the ages of 6 and 12 years old, Defendant isolated, groomed, and sexually assaulted her. (PageID.273-74.) He was her Sunday school teacher. (*Id.*) A month later, another victim reported that Defendant groomed and molested her when she was a child. (PageID.274.)

Investigators executed a search warrant at Defendant's home on February 23, 2022. (PageID.274-75.) Police seized numerous electronic devices, including cell phones and computers. (PageID.275-76.) In them, investigators found numerous child pornographic images and videos, some that were obtained online, but others

that Defendant produced himself.  (PageID.94-95; 276.)  The girls in the pictures and videos that Defendant produced ranged from approximately 6 to 10 years old.  (*Id.*)  Defendant recorded the videos by covertly setting up a video camera in bathrooms where he knew young girls would change their clothes.  (*Id.*)  Some of the images and videos were taken 15 years earlier, others as recent as the same year.  (PageID.94-95.)

Investigators confronted Defendant with what they found on May 13, 2022.  (PageID.276.)  After that meeting, Defendant fled to South Korea with no return trip scheduled.  (*Id.*)  On July 19, 2022, Defendant was charged with various crimes of sexual misconduct in the 2B District Court in Hillsdale County.  (PageID.276.)  Investigators obtained court authorization to track Defendant's cell phone and found that he was in the Philippines.  (*Id.*)  In August 2022, investigators found and arrested Defendant in the Philippines; he was working at the Longos Children's Ministry.  (*Id.*)

## Pending Objection

Defendant has one pending objection – he would like the information in the presentence report regarding other sex offenses, as detailed in Paragraphs 92 through 94, struck.  (PageID.294.)  This objection should be overruled.  Section 1B1.4 of the Guidelines provides, "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law."

Paragraph 92 explains that Defendant had approximately 600 child pornographic images on his cell phone when police searched it. (PageID.281.) These were images that he did not make himself. (*Id.*) They depicted extremely young children, some around two years old, unclothed and being orally, anally, and vaginally raped by adult men. (*Id.*) Defendant was charged in Count 3 of the original indictment with possession of this child pornography. (PageID.3.) In Paragraph 8 of the plea agreement, the United States agreed to dismiss this count in exchange for his guilty pleas, but the parties agreed that "in determining the sentence the Court may consider the charges in the dismissed Indictment in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range." (PageID.95.) The conduct described in Paragraph 92 is not only properly included in the Final PSR, but is miscategorized as "Not Part of Relevant Conduct." Defendant expressly agreed that it may be considered as relevant conduct.

The same is true of Paragraph 93, which describes the conduct underlying the charges that he pled guilty to in the Superseding Felony Information. (PageID.94.)

Finally, in Paragraph 94, another woman heard about the current charges against Defendant in the media and came forward to report that Defendant molested her around 2005, when she was 4 or 5 years old. (PageID.282.) Defendant was her babysitter and took her to and from church. (*Id.*) He used those opportunities to "isolate[ ] and groom[ ]" her, including taking nude photographs of her. (*Id.*)

3

This information is properly included in the PSR.  As the Sixth Circuit has noted, "evidentiary inclusiveness is the order of the day at sentencing, a frame of reference as likely to facilitate leniency as to impede it. The key question is reliability. Sentencing hearings may include evidence otherwise inadmissible at trial so long as the evidence is reliable."  *United States v. Graham-Wright*, 715 F.3d 598, 601 (6th Cir. 2013).  That criminal conduct did not result in conviction is of no consequence.  *See, e.g., United States v. Matthews*, 373 F. App'x 303, 305 (3d Cir. 1020); *United States v. Warren*, 737 F.3d 1278 (10th Cir. 2013).  Presentence reports must include "any other information that the court requires, including information relevant to the factors under 18 U.S.C. §3553(a)."  Fed. R. Crim. Pro. 32(d)(2)(G).  Here, the challenged information is closely related to the charged offenses in timing, location, and manner of execution, and is relevant to the Court's assessment.  Defendant offers no challenge to the accuracy of the information.  It is properly included in the PSR.

## Sentencing

Defendant has demonstrated, over an extended period of time, that he is a habitual child predator.  He obtains and exploits positions of trust to gain access to children.  Police intervention has not disturbed that pattern – when he was caught and confronted in this case, he fled the country and obtained a position with a youth program in the Philippines.

Defendant's case, and the nature and circumstances of his convictions, implicate all of the 3553(a) factors, but none more so than protecting the public from Defendant's further crimes, which appear to be assured.

The United States respectfully requests that this Court adopt the recommendation of U.S. Probation and sentence Defendant to 30 years' incarceration for each count of conviction, to be served consecutively.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: July 30, 2023

 /s/ *Jonathan Roth*
JONATHAN ROTH
Assistant United States Attorney
United States Attorney's Office
P.O. Box 208
Grand Rapids, Michigan 49501
(616) 456-2404